UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHILDRESS, #365065,

    Plaintiff,                    CIVIL ACTION NO. 10-11008

   v.                             DISTRICT JUDGE MARK A. GOLDSMITH

MICHAEL MICHALKE, MARK      MAGISTRATE JUDGE MARK A. RANDON
HACKEL, JIM HERTEL, DANN
BURBEULA, THOMAS KLING, DAVID
HALLISON, KEITH PAOLELLA,
CLIFTON MORGAN, TED DUMAS,
JERRY HANNA, DAVID ANDREWS,
BRAD ROBINSON, ED MASON, MICHAEL
BOUCHARD, CHRISTOPHER COLE,
CHARLES BERNARD, RUSS MILNE FORD,
RUSS MILNE, KEITH DANIEL BAATKO,
CATE WILLIAMS, FRANK ANTHONY
SINATRA, LAND ROVER CAPITAL, ROSE
JOHNSTON, WELLS FARGO AUTO FINANCE,
LYNWOOD H. PERNSLEY, FORD MOTOR
CREDIT CO., KATHY HALL, MOTOR CITY
PAWN BROKERS II, TONY AUBREY, SR.,
TOYOTA CREDIT-LEXUS FINANCIAL,
LAZ LASTRE, MERCEDES BENZ FINANCIAL,
TOM MAIER, KELLER WILLIAMS REALTY,
and PAUL MACHALOWYCH,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

    Plaintiff, Robert Lee Childress, Jr., is a Michigan prisoner convicted of larceny by conversion, intent to pass false title, and false pretenses of $20,000.00 or more, involving several

-1-

automobiles. Proceeding *pro se*, on March 12, 2010, Plaintiff filed suit against thirty-four (34) defendants, including both corporate entities and individuals. Plaintiff's complaint, though not designated as such, is styled as a 42 U.S.C. § 1983 prisoner civil rights action and challenges his state criminal proceedings and convictions.

This matter is before the Court on several dispositive motions: (1) Defendant Jim Hertel's motion for summary judgment (Dkt. No. 28); (2) Defendants Motor City Pawn Brokers II and Tony Aubrey, Sr.'s motion for summary judgment (Dkt. No. 39); (3) Defendant Toyota Credit-Lexus Financial's motion to dismiss (Dkt. No. 62); Defendants Mercedes-Benz Financial Services USA LLC and Thomas Maier's motion to dismiss (Dkt. No. 68) and Defendant Wells Fargo Financial's motion to dismiss Dkt. No. 77). However, since the undersigned finds that a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction – which has not been reversed on appeal or invalidated – **IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

**FACTS**

Plaintiff's claims emanate from an series of events that he alleges began on December 28, 2007, when he traded in a 2004 Range Rover at Russ Milne Ford ("the Dealership"), a few weeks after buying two Ford F-350 trucks (Dkt. No. 1). According to Plaintiff, he received $28,500.00 for the trade-in, of which $8,400.00 was used to prepay for the lease of a Ford Fusion; Plaintiff claims he was issued a check for the difference in the amount of approximately $20,100.00. *Id.*

Plaintiff alleges that a few days later, on January 4, 2008, several sheriffs and other detectives, as well as the Dealership and its employees, "conspired to illegally search and seize me, and maliciously prosecute me for property which belonged to me, without the due process of law,

when I arrived at the dealership to pick up a rebate check." *Id.*  Plaintiff's Complaint identifies several more of "his" vehicles (including a Mercedes G500, a 2007 Range Rover, a Lexus and a Mercedes CLK 350) that he alleges were the subject of improper "stop orders," investigations and/or unlawful seizure, causing Plaintiff "to [unnecessarily] suffer the onus of a criminal process...[and] an illegal incarceration from the arrest without probable cause." *Id.*   Plaintiff also claims that defendants committed a laundry list of other illegal acts including: tortious conversion, tortious interference of contractual relations, unjust enrichment, slander and defamation.  He seeks $50,000,000.00 in damages.

According to official records maintained by the Michigan Department of Corrections ("MDOC") on its Offender Tracking System ("OTIS") website, on July 7, 2010, Plaintiff was sentenced to a term of imprisonment after being convicted in Macomb County Circuit Court *Case # 09003052-FH* of false pretenses - $20,000.00 or more.[1]  The offense date listed in the MDOC records is December 28, 2007 – the same date Plaintiff identifies in the instant Complaint as that which began the series of transactions culminating in his allegedly unlawful arrest, prosecution and conviction.

Plaintiff is a prodigious filer of federal cases, having filed no fewer than 19 cases in the Eastern District of Michigan since December, 2009.  Of these 19 lawsuits, ten involve petitions for writs of habeas corpus– one regarding the same facts alleged in the instant Complaint.  *See*, *Childress v. Booker*, Case No. 10-11554 (Battani, J.).  A comparison of Plaintiff's petition for habeas relief in *Childress v. Booker* (Dkt. No. 1) and the instant Complaint demonstrate that both cases involve the same general allegations contesting what Plaintiff believes was an improper arrest and

---

[1] *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=365065.

prosecution in Macomb County Circuit Court *Case # 09003052-FH.* Specifically, Plaintiff's habeas petition alleges in part:

> Petitioner is currently in the pre-trial stage in the Sixteenth Circuit Court of Macomb County, before the Honorable Matthew S. Switalski. Docket No. 09-1538-FH and **09-3052-FH** for several charges.
>
> Petitioner's restraint is illegal for the following reasons:
>
> \* \* \*
>
> Supporting facts:
>
> On January 4, 2008, Petitioner was arrested by the Macomb County Sheriffs Dept., in violation of the Constitution, without probable cause or warrant for investigation purposes, for conduct not prohibited under State or Federal law. Petitioner was released pending further investigation into the custody of Oakland County Sheriff, Det. Cole, who was also without probable cause or warrant. Petitioner was awaiting trial in the Oakland County Jail since the illegal arrest on January 4, 2008, the Macomb County Prosecutor's Office sent writ and he was arraigned in August 2008, in 41A District Court and in September 2008, in 39th District Court for several offenses relating to the theft of his own property and fraudulent activity at the secretary of state's office. There was no complainant in the matter except the officer, who testified that he had no personal knowledge of Petitioner committing any crime. There is no police report of any stolen vehicles or documents with Petitioner's name on them.
>
> Ground two:
>
> Malicious prosecution.
>
> Supporting facts:
>
> Petitioner is being prosecuted for stealing his own property and has not broken the law.
>
> \* \* \*

>  Supporting facts:
>
>  Petitioner and his property was searched and seized in violation of the Constitution, on January 4, 2008, by the Macomb Sheriffs Dept., when he was arrested without warrant or probable cause. The Sheriffs seized his Mercedes SUV and other vehicles from his residence in Oakland Twp., MI. The same vehicles are being used as evidence to prosecute him, which are "fruits of the poisonus tree."

(Civil Action No. 10-11554 (Battani, J.), Plaintiff's Complaint, Docket No. 1)(emphasis added).

Plaintiff's habeas petition was denied by Judge Battani, without prejudice, because at the time, Plaintiff had not been convicted of any criminal charges. *Childress v. Booker*, Case No. 10-11554 (Dkt. No. 4). To date, Plaintiff's ensuing conviction in *Case # 09003052-FH* has not been reversed on appeal or otherwise invalidated.

## ANALYSIS

Plaintiff's allegations are frivolous and fail to state a claim because they challenge his arrest, criminal prosecution, and incarceration. A plaintiff has no right to money damages for allegedly unconstitutional imprisonment unless the judgment holding him in custody has been reversed or invalidated by state officials "or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and progeny, when taken together, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Again, records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff is in custody for intent to pass false title, Mich. Comp. Laws § 257.254, and larceny by conversion of property valued at $20,000 or more, Mich. Comp. Laws § 750.362. Plaintiff has not demonstrated that the judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review, and success in this action would demonstrate the invalidity of Plaintiff's arrest, prosecution, and confinement. Therefore, his federal claim regarding an allegedly illegal search and seizure of Plaintiff and his property is not cognizable in this §1983 action.

Plaintiff's other claims allege violations of state law. "Generally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.' " *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (quoting *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). Accordingly, Plaintiff's claims for tortious conversion, tortious interference with contractual relations, and other violations of state law are dismissed.

The allegation that Plaintiff has suffered slander, humiliation, degradation, and defamation of character fails to state a claim because injury to one's reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). Furthermore, Plaintiff has not demonstrated that he suffered any physical injury as a result of the depression and oppression he allegedly suffered due to the defendants' conduct. A prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## CONCLUSION

Plaintiff's allegations lack an arguable basis in law and fail to state a claim for which relief may be granted.

Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). It is further **RECOMMENDED** that Plaintiff may not proceed without prepayment of the appellate fees and costs if he appeals this decision, because an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court.  The response shall address  each issue contained within the objections specifically and in the same order raised.

                                          s/Mark A. Randon
                                          MARK A. RANDON
                                          UNITED STATES MAGISTRATE JUDGE

Dated:  September 1, 2011

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 1, 2011, electronically.*

                                          *s/Melody R. Miles*
                                          *Case Manager to Magistrate Judge Mark A. Randon*