UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS,

       Plaintiff,

                        CASE NO. 4:10-CV-11008

v.

                        HONORABLE MARK A. GOLDSMITH

MICHAEL MICHALKE, et al.,

       Defendants.
_____/

**<u>OPINION AND ORDER ACCEPTING AND ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION, GRANTING CERTAIN MOTIONS (DKTS. 28, 39, 62, 68, 77), DENYING CERTAIN MOTIONS (DKTS. 22, 42, 46, 48, 54, 84, 86, 93), AND DISMISSING COMPLAINT</u>**

     Plaintiff Robert Lee Childress, Jr. – a Michigan prisoner serving multiple sentences for crimes of dishonesty – claims that he is the victim of a vast conspiracy designed to maliciously prosecute him. Plaintiff has filed the instant <u>pro se</u> complaint against 34 parties, including both corporate entities and individuals. Defendants include police officers, automotive financial institutions, a pawn shop, and representatives of those organizations, among others.

     This matter is before the Court on several dispositive motions: Defendant Jim Hertel's motion for summary judgment (Dkt. 28); Defendants Motor City Pawn Brokers II and Tony Aubrey, Sr.'s motion for summary judgment (Dkt. 39); Defendant Toyota Credit-Lexus Financial's motion to dismiss (Dkt. 62); Defendants Mercedes-Benz Financial Services USA LLC and Thomas Maier's motion to dismiss (Dkt. 68); and Defendant Wells Fargo Financial's motion to dismiss (Dkt. 77). In addition, before the Court are a motion to strike by Toyota

1

Credit-Lexus Financial (Dkt. 86) and several motions filed by Plaintiff, including a motion to amend the complaint (Dkt. 22); a motion for "access to the Court and equal legal research material" (Dkt. 42); a motion demanding a jury trial (Dkt. 54); a motion for leave to file excess pages (Dkt. 84); a motion for sanctions (Dkt. 93), and two motions for extensions of time (Dkts. 46, 48).[1]

On September 1, 2011, Magistrate Judge Mark A. Randon issued a Report & Recommendation ("R&R") recommending that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim on which relief can be granted. Specifically, the Magistrate Judge concluded that a judgment in Plaintiff's favor would necessarily imply the invalidity of at least one of his convictions, none of which has been reversed on appeal or invalidated. Plaintiff has filed objections to the R&R (Dkt. 91). For the reasons that follow, the Court accepts and adopts the R&R, in part, and dismisses Plaintiff's complaint for insufficient pleading.

**I. Background**

Plaintiff has been investigated and convicted of engaging in fraudulent schemes in which he traded-in vehicles claiming to hold clear title when, in fact, either he was not the owner or the security interest had not been extinguished. One such criminal episode culminated in Plaintiff's arrest on January 4, 2008 when he arrived at a Ford dealership to pick up a rebate check from a transaction made on December 28, 2007, in which Plaintiff traded-in a 2004 Range Rover for a Ford Fusion. Complaint (Dkt. 1). At a bench trial in Macomb County Circuit Court, People v. Childress, No. 09-003052-FH, Plaintiff was prosecuted for false pretenses, stolen property,

---

[1] Plaintiff has also filed a number of documents entitled "motions to dismiss" the various dispositive motions (Dkts. 71-74, 76-77), which the Court construes as responses to the defense motions.

larceny by conversion, and intent to pass false title. Amended Judgment of Sentence (Dkt. 91-2). The court convicted Plaintiff of false pretenses of $20,000 or more; however, Plaintiff was not convicted of the other charges. Id. For a similar scheme, involving a 2007 Lexus, Plaintiff was convicted in Oakland County Circuit Court of intent to pass false title and larceny by conversion of $20,000. People v. Childress, No. 08-219884-FH. Plaintiff is currently in custody at the West Shoreline Correctional Facility serving sentences for the convictions in 09-003052-FH ("the Macomb case") and 08-219884-FH ("the Oakland case").

In the instant complaint, Plaintiff alleges that Defendants – who include law enforcement personnel, automotive financial institutions, an automobile dealership, its employees and others – "conspired to illegally search and seize me, and maliciously prosecute me for property which belonged to me, without the due process of law." Id. Plaintiff alleges that, at the time of his January 4, 2008 arrest, his Mercedes G500 SUV was unlawfully seized. Plaintiff alleges that, over January and February 2008, several more of his vehicles were illegally seized and/or the subjects of improper "stop orders" and investigations, including (i) the Ford Fusion, (ii) two Ford F-350s, (iii) several Range Rovers, (iv) a 2007 Lexus LX470,[2] and (v) a Mercedes CLK convertible. Id. Plaintiff also claims that Defendants committed a laundry list of other illegal acts including: tortious conversion, tortious interference of contractual relations, unjust enrichment, slander and defamation. He seeks $50,000,000.00 in damages.[3]

---

[2] The VIN of this vehicle, as stated in the complaint, reveals that this is the same 2007 Lexus that was the subject of the conviction in the Oakland case.

[3] As the Magistrate Judge noted in his R&R, Plaintiff is a prodigious filer of federal cases, having filed no fewer than 19 cases in the Eastern District of Michigan since December 2009. Of these 19 lawsuits, ten involve petitions for writs of habeas corpus – one regarding the same facts alleged in the instant Complaint. See Childress v. Booker, Case No. 10-CV-11554 (Battani, J.). Plaintiff's habeas petition was denied by Judge Marianne O. Battani, without prejudice, because,

Five dispositive motions have been filed on behalf of 7 out of 34 Defendants in this case (Dkts. 28, 39, 62, 68, and 77), and Plaintiff has filed responses. The Magistrate Judge found that Plaintiff's complaint failed to state a claim based on Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), which holds that a prisoner may not maintain a § 1983 claim based on constitutional violations that would invalidate his conviction if his conviction has not yet been invalidated in another proceeding. Furthermore, the Magistrate Judge recommended that Plaintiff's state law claims be dismissed once the federal claims are dismissed. See Harper v. AutoAlliance Intern., Inc., 392 F.3d 195, 210 (6th Cir. 2004) ("Generally, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (internal quotations omitted). Finally, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims alleging mental and/or emotional injury because Plaintiff has not demonstrated he suffered any physical injury as a result of Defendants' conduct. Plaintiff has filed objections, and some of the Defendants have filed responses to Plaintiff's objections.

**II. Analysis**

A claim under 42 U.S.C. § 1983 is appropriate remedy where a state prisoner challenges a condition of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), or when an individual seeks money damages for a previously invalidated sentence. Heck v. Humphrey, 512

---

at the time, Plaintiff had not been convicted of any criminal charges. Childress v. Booker, Case No. 10-11554 (Dkt. 4). Plaintiff has since been convicted and was sentenced in July 2010. Both the instant complaint and Plaintiff's habeas petition involve the same allegations contesting what Plaintiff believes was an improper arrest and prosecution. More than three civil rights actions brought by Plaintiff under 42 U.S.C. § 1983 (filed subsequent to the filing of this action) have been dismissed for failure to state a claim. See Childress v. Federal Bureau of Prisons, No. 10-CV-14708 (Murphy, J.) (dismissed December 10, 2010); Childress v. Special Agent Wood, No. 10-CV-14711 (Borman, J.) (dismissed June 29, 2011); Childress v. Patricia Caruso, No. 10-CV-14725 (Goldsmith, J.) (dismissed December 10, 2010); Childress v. Cole, No. 10-CV-14821 (Rosen, C.J.) (dismissed January 19, 2011).

U.S. 477, 486-487 (1994). A prisoner may not, however, sue under § 1983 to challenge the validity of a sentence; rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck, 512 U.S. 477, 481. Accordingly, Heck and its progeny "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

While Plaintiff's complaint did not explicitly reference § 1983, the Magistrate Judge construed the complaint as a prisoner civil rights action brought under this statute. In so reading the complaint, the Magistrate Judge recommended that the complaint be dismissed because a judgment in Plaintiff's favor "would necessarily demonstrate the invalidity of confinement or its duration." Id.

Plaintiff agrees that his complaint is brought under § 1983, but objects to the Magistrate Judge's conclusion that his claim is barred. Plaintiff argues that while he was charged in the Macomb case with seven counts, he was only convicted of one charge, a count of false pretenses of $20,000 or more. Amended Judgment of Sentence (Dkt. 91-2). Plaintiff argues that for the six counts for which he was found not guilty, claims for money damages under § 1983 are not barred by Heck. Plaintiff further objects to the Magistrate Judge's reference to his convictions arising from other incidents, arguing that they have different case numbers and are not the basis for this lawsuit, and do not bar his § 1983 action. Objections at 11-12 (Dkt 91). In short, Plaintiff contends that his claims against Defendants were only for conspiratorial actions that resulted in his arrest for the charges that did not lead to the convictions for which he is currently

5

incarcerated.  Plaintiff asserts that "[a]ll of the matters being sued for have been adjudicated in favor of the Plaintiff or were never part of the criminal process." Objections at 14.

Plaintiff's objections are correct, to the extent that they contend that Heck can only bar a § 1983 claim for conspiracy relative to seized property if the illegality of the seizure would be inconsistent with a prior, not-yet-vacated conviction. Based on the present record, it is impossible to say with any precision which vehicles formed the basis of any of Plaintiff's convictions, except for the Ford Fusion in the Macomb case and the 2007 Lexus LX470 in the Oakland case. And even as to those convictions, the record is unclear as to how the alleged illegality of the seizures would be inconsistent with the precise crimes for which Plaintiff has been convicted. For example, if the convictions were for falsely claiming to be the owner of the vehicle, Plaintiff might still have a claim for illegal search if the Defendants conspired to break into his garage.  Moreover, Plaintiff's allegations concern a number of seizures and other acts that took place over several weeks. Neither Defendants' motion papers, nor the R&R, delineate the specific subject matter of the convictions and link those adjudications to the specific events or acts Plaintiff complains of in this action. Without such an analysis, this Court cannot say that a particular conviction would "necessarily" be invalidated by a finding of wrongful conduct in this case. Accordingly, the Court cannot accept that aspect of the Magistrate Judge's R&R recommending dismissal of Plaintiff's complaint on the basis of Heck.

Nevertheless, the Court concludes that Plaintiff's complaint should be dismissed for failure to allege sufficient facts to support a plausible claim for relief. Although a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), a plaintiff still must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). This standard "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In the instant complaint, Plaintiff's conclusory allegations that Defendants conspired "to maliciously prosecute, deprive me and seize my property in violation of the Constitution" do not satisfy the Iqbal standard. "[C]onspiracy claims must be pled with some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir. 1987). Here, Plaintiff does not identify how or when the conspiracy took place or what facts support the conclusion that there was a conspiracy at all. Nor does he allege any facts supporting the legal conclusion that the various searches, seizures and other actions violated the law, which Defendants characterize as legitimate repossessions initiated by bona fide title owners and/or lenders, lawfully executed by the Macomb County Sheriff's Department.[4] The state-law claims are similarly defective because of their entirely conclusory nature. Accordingly, Defendants' motions to dismiss and/or motions for summary judgment are granted over Plaintiff's objections.

With respect to the Magistrate Judge's determination that Plaintiff's claims for alleged mental and/or emotional injuries are not actionable without a showing of physical injuries, and the recommendation that the Court should dismiss Plaintiff's state-law claims, the Court finds

---

[4] Furthermore, most of the Defendants in this case are non-state actors. A plaintiff asserting a claim under § 1983 must show that a person acting under color of state law deprived him of a right secured by the federal Constitution. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Plaintiff's basis for including these Defendants in this suit is his allegation that the Defendant dealerships, financial institutions, and their representatives jointly engaged with the sheriffs by conspiring with them to illegal seize Plaintiff's property. See id. ("[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute") (quoting United States v. Price, 383 U.S. 787, 794 (1966)). Thus, Plaintiff's insufficient allegations regarding his conspiracy claims provide no basis for § 1983 claims against the non-state Defendants.

7

that the Magistrate Judge has reached the correct result for the correct reasons. See 42 U.S.C. § 1997e(e) (a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury").

In his objections to the R&R, Plaintiff states that "[a]n amended complaint would eliminate any prejudice or confusion, and resolve the issues complained of by the Defendants in their motions to dismiss under Fed. R. Civ. P. 12(b)(6), 12(c)." Objections at 14. However, Plaintiff has not filed a motion to amend the complaint to cure the fundamental defects in his complaint. See Desparois v. Perrysburg Exempted Village School Dist., No. 10–3158, 2012 WL 104532, at *7 (6th Cir. Jan. 13, 2012) ("Where a plaintiff includes a bare request to amend in his written brief opposing summary judgment and does not make any argument regarding the particular grounds on which amendment is sought, the district court is not required to construe the plaintiff's request in its brief as a motion to amend, and it does not err in not doing so.") (internal quotation marks omitted).

Because the Court's dismissal of the complaint is based on the insufficiency of the pleadings, the Court will allow Plaintiff until March 26, 2012 to file and serve a proper motion for leave to amend the complaint. As part of the motion, Plaintiff must identify any prior conviction that had, as part of its subject matter, any act (including the search and/or seizure of vehicles or other property) that forms the basis of any allegation in the proposed amended complaint; in addition, for all such convictions, Plaintiff must specify the particular criminal acts for which he was convicted. Further, Plaintiff shall submit a proposed amended complaint as an attachment to the motion, which shall contain all necessary allegations for stating a conspiracy claim and/or such other claims as Plaintiff may have against Defendants.

**III. Conclusion**

For the reasons stated, it is ordered that the R&R (Dkt. 89) is accepted and adopted, in part, and Defendants' motions to dismiss and/or motions for summary judgment (Dkts. 28, 39, 62, 68, and 77) are granted on the basis stated above. All the other motions are denied as moot or lacking merit.[5] Plaintiff's complaint (Dkt. 1) is dismissed without prejudice to his serving and filing a motion for leave to amend the complaint and proposed amended complaint on or before March 26, 2012, which motion and proposed pleading shall conform to the requirements set forth above. If Plaintiff does not serve and file a conforming motion for leave to amend the complaint and proposed amended complaint on or before March 26, 2012, the instant dismissal shall be converted to a dismissal with prejudice.

---

[5] The Court vacates that portion of the order (Dkt. 10) referring this case to the Magistrate Judge for all pretrial matters that pertains to non-dispositive motions, and denies the non-dispositive motions without further hearing because the record developed affords an adequate decisional basis. This denial includes Plaintiff's motion to amend the complaint (Dkt. 22), which only seeks to change the first name of one of the Defendants, and Plaintiff's motion for "access to the Court and equal legal research material" (Dkt. 42), which seeks an order that unpublished authorities cited in briefs be furnished to him. The former is moot because the Court is granting Plaintiff leave to file a proper motion to amend, which may include correcting the naming error; the latter is moot because the Court's disposition does not turn on the legal authorities Plaintiff sought. Plaintiff's extension motions (Dkt. 46, 48) are moot because Plaintiff ended up responding to the motion (Dkt. 28) for which an extension was sought and the other relief sought in this motion – that unpublished legal materials be furnished to Plaintiff – is unnecessary because such materials have no bearing on the disposition by the Court. Toyota's motion to strike notice (Dkt. 86) concerned Plaintiff's "notice," which had claimed that Toyota's motion to dismiss was sanctionable; Plaintiff's notice contended that the Toyota motion falsely claimed Plaintiff was engaging in extortion by seeking a monetary settlement for his claims. The Toyota motion claimed the notice was improper because no motion for sanctions had been filed. However, Toyota's motion became moot once Plaintiff, in fact, filed a motion for sanctions (Dkt. 93). The sanctions motion, however, is presently without merit and/or is moot, given that the Court has dismissed Plaintiff's complaint. Under these circumstances, the Court cannot say that the conduct of Toyota's counsel violated accepted norms of advocacy and was objectively unreasonable. See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir. 1987).

SO ORDERED.

Dated: March 9, 2012　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2012.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager