UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

              Plaintiff,                CIVIL ACTION NO. 10-11008

          v.                    DISTRICT JUDGE MARK A. GOLDSMITH

MICHAEL MICHALKE, et al.         MAGISTRATE JUDGE MARK A. RANDON

              Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DKT. 99)

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Robert Lee Childress, Jr. ("Plaintiff"), is a Michigan prisoner convicted of larceny by conversion, intent to pass false title, and false pretenses of $20,000 or more, involving several automobiles. Proceeding *pro se*, Plaintiff filed suit against thirty-four (34) defendants, including both corporate entities and individuals (Dkt. 1). Plaintiff's Complaint, though not explicitly designated as such, is styled as a 42 U.S.C. § 1983 prisoner civil rights action. He alleges a wide-ranging conspiracy in which Defendants: law enforcement personnel, automotive financial institutions, an automobile dealership, its employees and others, conspired to illegally search and seize him and several of his automobiles – without his consent or a search warrant – and then maliciously prosecuted him without due process of law.

Defendants moved to dismiss (Dkts. 28, 39, 62, 68, 77). On September 1, 2011, this Magistrate Judge issued a report and recommendation (Dkt. 89) to grant Defendants' motions, reasoning that under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a judgment in Plaintiff's

favor would necessarily imply the invalidity of his convictions – which have not been reversed on appeal or invalidated.

On March 9, 2012, Judge Mark A. Goldsmith issued an Order (Dkt. 98) accepting and adopting, in part, the report and recommendation.  Finding that the record lacked sufficient detail to determine against which claims the *Heck* doctrine might apply, Judge Goldsmith dismissed Plaintiff's Complaint, without prejudice, for failure to state a claim.  Judge Goldsmith's Opinion placed Plaintiff on notice that his conspiracy allegations lacked specificity:

> Plaintiff's conclusory allegations that Defendants conspired "to maliciously prosecute, deprive me and seize my property in violation of the Constitution" do not satisfy the *Iqbal* standard. "[C]onspiracy claims must be pled with some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Here, Plaintiff does not identify how or when the conspiracy took place or what facts support the conclusion that there was a conspiracy at all. Nor does he allege any facts supporting the legal conclusion that the various searches, seizures and other actions violated the law, which Defendants characterize as legitimate repossessions initiated by bona fide title owners and/or lenders, lawfully executed by the Macomb County Sheriff's Department. The state-law claims are similarly defective because of their entirely conclusory nature. Accordingly, Defendants' motions to dismiss and/or motions for summary judgment are granted over Plaintiff's objections.

(Dkt. 98, p. 7).

Judge Goldsmith gave Plaintiff until March 26, 2012 to file a motion for leave to amend and a proposed amended Complaint.  The Court also directed Plaintiff to: (1)  "identify any prior conviction that had, as part of its subject matter, any act (including the search and/or seizure of vehicles or other property) that forms the basis of any allegation in the proposed amended complaint"; (2) "specify the particular criminal act for which he was convicted"; and (3) file and

serve the proposed amended complaint on or before March 26, 2012, or the dismissal would be converted to a dismissal with prejudice" (Dkt. 98).

On March 29, 2012 – three business days after the Court's deadline – Plaintiff filed a motion for leave to amend and a proposed amended complaint (Dkt. 99). Plaintiff's proposed amended complaint seeks to add five additional defendants and conform with Judge Goldsmith's Order.

Defendants first ask the Court to deny Plaintiff's motion, since it was filed after the March 26, 2012 deadline. Plaintiff's motion is, however, dated March 26, 2012. Thus, the Court will treat it as filed timely.[1] On April 5, 2012, Plaintiff filed a "supplemental brief" (Dkt. 101) in support of his motion for leave to amend.[2]

The Court has carefully reviewed Plaintiff's proposed amended complaint and the responses of Defendants Hertel (Dkt 107),[3] Bouchard, Cole and Bernard (Dkt. 109)[4], Toyota Credit-Lexus Financial (Dkt. 111), Motor City Pawn Brokers II, Tony Aubrey, Sr. and Tony Aubrey Jr. (Dkt. 113). For the reasons set forth below, Plaintiff's motion for leave to amend is

---

[1]  Under the "prison mailbox rule," a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the Court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Under this relaxed standard, the Court will assume that Plaintiff's motion for leave to amend was filed on the date indicated on the signature page, *i.e.*, March 26, 2012.

[2]  Defendant Toyota Credit-Lexus Financial filed a motion to strike (Dkt. 112) Plaintiff's supplemental brief. Toyota's motion to strike is denied.

[3] Defendants' Motor City Pawn Brokers II and Tony Aubrey concur with the motion and brief of Hertel (Dkt. 108) and Toyota Credit-Lexus Financial (Dkt. 120).

[4] Defendants Mercedes-Benz Financial Services USA, LLC and Thomas Maier concur with the motion and brief of Hertel and that of Bouchard, Cole and Bernard (Dkt. 114); Defendants Ford Motor Credit Company LLC, Kathy Hall, Land Rover Capital Group and Rose Johnston likewise concur (Dkt. 123).

**GRANTED IN PART AND DENIED IN PART**.  Plaintiff's proposed amended complaint does not state a viable claim against Defendants Mark Hackell, Warren Evans and Michael Bouchard for supervisory liability under § 1983; therefore, Plaintiff's proposal to add claims against these Defendants is futile and is **DENIED**.

Plaintiff's proposed amended complaint also fails to state a § 1983 conspiracy claim against any of the private party Defendants (Russ Milne Ford, Russ Milne, Keith Baatko, Cate Williams, Frank Sinatra, Land Rover Capital Group, Rose Johnson, Wells Fargo Auto Finance, Lynwood Pernsley, Ford Motor Credit Co., Kathy Hall, Motor City Pawn Brokers II, Tony Aubry, Sr., Tony Aubry, Jr., Glenda Andrea Gadie, Toyota Motor Credit – Lexis Financial, Laz Lastre, Mercedes Benz Financial Service USA, LLC, Thomas Maier, Keller Williams Realty, Paul Machalowych, Nancy Horton and State Farm Insurance Companies) and government Defendants (James Hertel, Dann Burbeula, Thomas Kling, Ed Mason, David Hallison, Keith Paolella, Ted Dumas, Clifton Morgan, Jerry Hanna, David Andrews, Brad Robinson, Christopher Cole and Charles Bernard).  Therefore, Plaintiff's proposed amendments as to these Defendants are also **DENIED** as futile.

This leaves Macomb County Detective John Michalke: the common participant in Plaintiff's alleged conspiracy, whose name appears in 25 of Plaintiff's 28 factual allegations. Plaintiff's proposed amended complaint states a plausible cause of action against Defendant Michalke.  Therefore, Plaintiff's motion for leave to amend is **GRANTED** as to Defendant Michalke only.

## II. ANALYSIS

### A. Standard For Leave To Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading by leave of the court and the court "should freely give leave when justice so requires." However, the grant of leave to amend is not a foregone conclusion. Appropriate factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001). Amendment is futile when it is subject to dismissal under Fed. R. Civ. P. 12(b)(6), that is, when it fails to state a claim on which relief may be granted. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000); *Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299, 307 (6th Cir. 2000).

A *pro se* pleading must be liberally construed and be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief ..." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard is liberal, it does require more than the bare assertions of legal conclusion. *See Lillard v. Shelby Co. Bd. of Educ*., 76 F.3d 716, 726 (6th Cir. 1996).

### B.  Supervisory Liability

Plaintiff's proposed amended complaint attempts to assert claims against Sheriffs Mark Hackel, Michael Bouchard and Warren Evans for failing to properly supervise police officers under their command.  Specifically, Plaintiff claims that the Wayne, Oakland and Macomb County Sheriffs were "derelict in [their] duty to monitor, train and review all seizures and disposals of seized property" (Dkt. 99 at 21, 25-26 CM/ECF pagination).

In *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a § 1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) (at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate).  Plaintiff's proposed amended complaint does not allege that the Sheriffs authorized, approved or knowingly acquiesced in any of the alleged conduct of their subordinates.  Rather, Plaintiff merely alleges that they were "derelict" in their duty to monitor, train and review the actions of their subordinates.  This is not sufficient to state a valid § 1983 claim against the Sheriffs.  Therefore, Plaintiff's motion for leave to amend to add claims against these Defendants is denied.

### C.  Private Parties

#### 1.  *Private parties as state actors*

Plaintiff also seeks to add claims against a host of private parties (collectively referred to as "the Private Party Defendants").  In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must set forth those facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under

-6-

the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). There are limited circumstances where a private party can be sued under § 1983, but none appear applicable to Plaintiff's allegations. For instance, "[a] private party's actions constitute state action ... where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered to be a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.*

Under the public function test, "a private party is deemed [to be] a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Id.* This test has been narrowly interpreted, and has only been found for such functions as holding elections, exercising eminent domain, and operating a company-owned town. *Id.* (citations omitted). Under this test, "the [c]ourt conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing." *Reguli v. Guffee*, 371 Fed. App'x. 590, 600 (6th Cir. 2010) (citation and internal quotation marks omitted). Plaintiff's allegations against the Private Party Defendants do not fit the public function test.

The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citations omitted). It is insufficient for an aggrieved party to assert that the state merely approved of or acquiesced in the private party's actions. *Id.* Rather, the plaintiff must "allege and prove that state officials coerced or participated" in the private party's decision-making. *Wilcher*

*v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007).  There is no allegation that some state actor coerced any of the Private Party Defendants in this matter.  Thus, Plaintiff cannot meet the state compulsion test.

Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself."  *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007).  In order to meet this burden, an aggrieved plaintiff must "demonstrate[ ] that the state is intimately involved in the challenged private conduct."  *Wolotsky*, 960 F.2d at 1335.  But, here again, Plaintiff fails to set forth any factual allegations sufficient to conclude that a sufficiently close nexus existed between law enforcement and any of the Private Party Defendants.

### 2.  *Private parties conspiring with state actors*

Although not considered a state actor under the Sixth Circuit's three tests, "[i]f a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983...." *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir.2000); *see also Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir.2007) ("[C]laims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss") (emphasis added).

While Plaintiff's proposed amended complaint alleges that "[a]ll of the Defendants were state actors or private parties acting jointly, conspiring and in concert with state actors to violate Plaintiff's constitutional rights" (Dkt. 99, Proposed Am. Complt., ¶ 28), it fails to address Judge Goldsmith's finding that the conspiracy allegations lacked specificity.

-8-

In *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987), the Sixth Circuit reaffirmed the well-settled rule "that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." There must be something more than a plaintiff's personal belief that he is the victim of retaliation or conspiracy. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). Plaintiff's conclusory allegations that individually named Private Party Defendants "acted in concert" with Michalke or other law enforcement officers to conduct searches and seizures of his papers and automobiles without his "consent, [a] warrant or due process of law" (Dkt. 99, ¶¶ 2, 5, 6, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 21) are insufficient to state a claim. As in the original complaint, Plaintiff's proposed amended complaint does not identify how or when a conspiracy took place between public and private actors or what facts support the conclusion that there was conspiracy at all.

Because the Private Party Defendants cannot be deemed to be state actors under any of the relevant tests or as co-conspirators with state actors, Plaintiff's proposed amendment to add § 1983 claims against them is futile as it fails to state a claim. Plaintiff also attempts to bring various state-law claims against the Private Party Defendants (*i.e.,* unjust enrichment). However, pursuant to 28 U.S.C. § 1367(c)(3), a District Court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Since Plaintiff has failed to state a valid § 1983 claim against the Private Party Defendants, the Court declines to exercise jurisdiction over Plaintiff's unjust enrichment claims against the Private Party Defendants.

**D.  Government Defendants**

As to the remaining Defendants (John Michalke, James Hertel, Dann Burbeula, Thomas Kling, Ed Mason, David Hallison, Keith Paolella, Ted Dumas, Clifton Morgan, Jerry Hanna, David Andrews, Brad Robinson, Christopher Cole and Charles Bernard) (collectively referred to as "the Government Defendants") – with the exception of Defendants Hertel, Hanna, Dumas, Mason, Bernard, Hertel and Michalke – Plaintiff's conspiracy allegations are similarly lacking in specificity. But, while Plaintiff does allege some facts with respect to the specific conduct of six Defendants, as discussed below, the only plausible case is set forth against Michalke.

### 1. Defendant Hertel

Plaintiff alleges that Hertel is a Detective and member of the Macomb County Auto-Theft Squad.  As it relates to Hertel, Plaintiff says:

> 1.      On or about January 4, 2008, Lt. Michalke conspired with Officer James Hertel to authorize Sheriffs ... who all acted in concert to search and seize Plaintiff's 2002 Mercedes Benz G500 (G500) and Black 2004 Range Rover, while he was a Russ Milne Ford and to impound the vehicles for Macomb Auto Theft Squad (MATS).  This act was done without Plaintiff's consent, warrant or due process of the law

> 3.      On or about January 7, 2008, Lt. Michalke and Det. Hertel went to the impound yard where the Plaintiff's seized G500 was being stored and retrieve [sic] the vehicle to take it to M.A.T.S. impound garage. This seizure was done without Plaintiff's consent, warrant process of the law.

This allegation fails to state a claim against Hertel.  In paragraph 1, Plaintiff fails to make any factual allegations about what, if anything, Hertel specifically did to authorize the Sheriffs to search and seize his vehicles.  In paragraph 3, Plaintiff's allegation makes clear that Hertel's involvement was after the G500 had already been "seized" and taken to the impound yard. Moving an already seized vehicle from one location to another cannot constitute a violation of the Fourth Amendment.

## 2. *Defendant Hanna*

According to Plaintiff, Defendant Hanna is a Deputy Macomb County Sheriff. Only two of Plaintiff's proposed amended complaint's factual allegations refer to Hanna:

> 13.     On or about February 20, 2008, Lt. Michalke conspired with Detectives Jerry Hanna, Ted Dumas, Dave Andrews and Brad Robinson to seize from the Plaintiff's home, is 2007 Lexus LX 470, 2007 Land Rover Range Rover, a suede Maybach valise and over 40 electronic keys/fobs. The seizure was done without the Plaintiff's consent, warrant or due process of the law.

> 18.     On or about March 12, 2008, Lt. Michalke conspired wit Det. Hanna and Investigator Thomas Maier [a Private Party Defendant] on behalf of (MBFS) to seize Plaintiff's Mercedes CLK 350 for (MBS) without his consent, warrant or due process of the law. Lt. Michalke and Det. Hanna went to Mercedes Benz of St. Clair Shores to influence the employees to lure Plaintiff's vehicle to the dealership for service. The vehicle was subsequently seized and disposed of by (MBFS) without... his consent, warrant or due process of the law. MBFS became unjustly enriched from the sell [sic] of Plaintiff's property.

While paragraph 13 is conclusory, in paragraph 18 Plaintiff says that Hanna accompanied Michalke to Mercedes Benz of St. Clair Shores where an attempt was made to influence the dealership's employees to have Plaintiff bring in his Mercedes CLK 350 for service. Plaintiff has not stated whether Hanna or Michalke did the "influencing," nor does he allege the manner in which the influencing was carried out. This vehicle was later allegedly "seized" by Mercedes Benz Financial Services ("MBFS") – a private party. Yet, there is no factual allegation that MBFS obtained the vehicle at the behest of Hanna, or what if any action Hanna took to "influence" any particular employee of the dealership – a separate entity from MBFS. Plaintiff's allegations as to Hanna, therefore, lack the required specificity for a conspiracy claim.

## 3. *Dumas*

Dumas is alleged to be a Deputy Macomb County Sheriff. According to Plaintiff's proposed amended complaint:

11.     On or about February 13, 2008, Lt. Michalke and Det. Dumas conspired to seize all Plaintiffs vehicles which were listed on the insurance policy history unlawfully obtained from Ms. Horton of (SFIC). They began scouring places Plaintiff frequented to find the vehicles. This act was instituted without his consent, warrant or due process of the law.

12.     On or about February 19, 2008, Lt. Michalke and Det. Dumas continued scouring and went to the Plaintiff's home in Oakland Twp. without a warrant or probable cause and conspired to seize his 2008 Ford F-350 from the driveway. The vehicle was impounded at the M.A.T.S. garage. . .

13.     On or about February 20, 2008, Lt. Michalke conspired with Detectives Jerry Hanna, Ted Dumas, Dave Andrews and Brad Robinson to seize from the Plaintiff's home his 2007 Lexus LX 470, 2007 Land Rover Range Rover, a suede Maybach valise and over 40 electronic keys/fobs. The seizure was done without the Plaintiff's consent, warrant or due process of the law.

In paragraph 12, Plaintiff alleges that Dumas went to Plaintiff's home without a warrant. But, there is no allegation that Dumas entered the property or assisted Michalke to enter the property. Plaintiff also alleges that Dumas and Michalke conspired to seize his 2008 Ford F-350. Plaintiff fails to specify the conduct taken by Dumas related to the allege seizure of the Lexus from his property. Therefore, Plaintiff's allegations against Dumas, individually or as a co-conspirator with Michalke also fail to state a claim for violation of his constitutional rights..

### 4.  Defendants Mason and Bernard

Plaintiff's only factual allegations against Mason and Bernard are found at paragraph 19 of his proposed amended complaint:

19.     On April 24, 2008, Sgt. Ed Mason conspired with Charles Bernard and...they met to transfer key/fobs illegally seized from the Plaintiff's home on February 20, 2000. The keys/fobs were subsequently disposed of depriving the Plaintiff of his memorabilia. The act was done without Plaintiff's consent warrant or due process of law.

The Court assumes this allegation contains a typographical error and the date February 20, 2000 should read February 20, 2008. On February 20, 2008, Plaintiff alleges that other Defendants (Michalke, Hanna, Dumas, Andrews and Robinson) conspired to seize these key/fobs

-12-

without his consent, a warrant or due process of law (Dkt. 99, ¶ 13).  However, paragraph 19 does not contain any allegation that either Mason or Bernard knew that these keys/fobs were allegedly illegally obtained.  As such, this allegation fails to state a claim against either Mason or Bernard.

### 5. *Michalke*

Plaintiff claims that his criminal convictions relate only to two vehicles – a 2007 Lexus GS450h, Vin. No. JTHBC96S975005500 and a 2008 Ford Fusion, Vin. No. 3FAHP07Z28R165584 (Dkt. 99 at 2-3 CM/ECF pagination).  Plaintiff further claims that criminal charges relating to any other vehicle were either dismissed, or he was acquitted of any charges relating to other vehicles.  Thus, Plaintiff's proposed amended complaint attempts to bring claims relating only to those vehicles for which he was not criminally convicted.  In so doing, Plaintiff appears to have complied with the Court's March 9, 2012 order (Dkt. 98) – as it relates to Defendant Michalke.  Liberally construing Plaintiff's proposed amended complaint, it states a plausible claims against Michalke for seizure of one or more of his vehicles without a warrant based on, at a minimum, the "stop-actions" at the Secretary of State (Dkt. 99, ¶ 4).

## III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Plaintiff is granted leave to amend against Michalke, only, and his request for leave for to amend against the other Defendants is denied. Defendant Michalke is directed to file a responsive pleading to Plaintiff's amended complaint **within 21 days from the date of this order.**

Furthermore, Plaintiff filed two motions concerning service of documents in this case (Dkt. 126 "motion for service by U.S. Marshals and appointment of court liaison"& Dkt. 127 "requesting alleviation to serve all Defendants when responding or answering to pleadings").

Since leave to amend has been denied as to all Defendants but Michalke, Plaintiff's two motions

concerning service on other Defendants are **DENIED AS MOOT**.

Finally, it is ordered that the following schedule will govern this case:

**DISCOVERY CUTOFF – December 31, 2012**

**DISPOSITIVE MOTION CUTOFF – January 31, 2013**

**IT IS SO ORDERED.**


s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: September 13, 2012

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 13, 2012, by electronic and/or ordinary mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*