UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, JR.,

      Plaintiff,                             CIVIL ACTION NO. 10-11008

v.                                         DISTRICT JUDGE MARK A. GOLDSMITH

MICHAEL MICHALKE, et al.         MAGISTRATE JUDGE MARK A. RANDON

      Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STAY (DKT. NO. 135)**

This matter is before the Court on Plaintiff's motion to stay proceedings (Dkt. No. 135). Without offering any justification, Plaintiff seeks a stay while he appeals this Court's Order granting in part and denying in part his motion for leave to amend (Dkt. No. 131) and denying his motion to appoint counsel (Dkt. No. 132). For the reasons indicated below, Plaintiff's motion is DENIED.

In determining whether Plaintiff should be granted a stay pending appeal, this Court must consider the four factors used to decide a motion for a preliminary injunction. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985). These factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.1987). The

four factors are not prerequisites to be met, but must be balanced to determine whether the stay is appropriate. *In re DeLorean Motor Co.*, 755 F.2d at 1228.

Plaintiff's motion does not address *any* of the four factors with respect to either order. The Court's Order granting in part and denying in part Plaintiff's motion for leave to amend fully sets forth its reasoning.  Plaintiff did not file an objection to the Order and does not offer any basis to conclude his appeal is likely to succeed on the merits.  Nor will Plaintiff be irreparably harmed if a stay is not granted.  Plaintiff may engage in discovery with respect to his claims against Defendant Michalke; additional discovery will be permitted should the Sixth Circuit allow him to purse his claims against other defendants.  Further, while it does not appear that others will be harmed, no public interest is served in granting the stay.  In sum, considering the four factors, Plaintiff's motion to stay is DENIED.

So ordered.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  October 17, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 17, 2012, by electronic and/or first class U.S. mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*