UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS,

    Plaintiff,

                                        Civil Case No. 10-11008

v.                                  HON. MARK A. GOLDSMITH

MICHAEL MICHALKE, et al.,

    Defendants,
_____/

## OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RELIEF (DKT. 145)

Before the Court is Plaintiff's Motion for Relief from Magistrate's Order (Dkt. 145). For the reasons set forth below, the Court denies the motion.

Currently incarcerated at the Muskegon Correctional Facility, Plaintiff filed a complaint, alleging that he is the victim of a conspiracy designed to maliciously prosecute him and naming 34 defendants, including police officers, automotive financial institutions, and a pawn shop (Dkt. 1). Magistrate Judge Mark A. Randon issued a Report and Recommendation (R&R), which recommended the sua sponte dismissal of the complaint for failure to state a claim for which relief could be granted (Dkt. 89). In an order accepting in part and rejecting in part the R&R, the Court afforded Plaintiff opportunity to amend his complaint provided that he met certain criteria (Dkt. 98). The Court gave the following specific instructions to Plaintiff:

> Because the Court's dismissal of the complaint is based on the insufficiency of the pleadings, the Court will allow Plaintiff until March 26, 2012 to file and serve a proper motion for leave to amend the complaint. As part of the motion, Plaintiff must identify any prior conviction that had, as part of its subject matter, any act (including the search and/or seizure of vehicles or other property) that forms the basis of any allegation in the proposed amended complaint; in addition, for all such

> convictions, Plaintiff must specify the particular criminal acts for which he was convicted. Further, Plaintiff shall submit a proposed amended complaint as an attachment to the motion, which shall contain all necessary allegations for stating a conspiracy claim and/or such other claims as Plaintiff may have against Defendants.

Order (Dkt. 98). Plaintiff attempted to comply with this order by filing a motion for leave to amend and attaching an amended complaint (Dkt. 99). Magistrate Judge Randon issued an order granting in part and denying in part Plaintiff's motion to amend, finding that only one claim could proceed against Defendant Michael Michalke (Dkt. 131). Plaintiff then appealed Magistrate Judge Randon's rulings on his motion to amend and on a separate order denying the appointment of counsel (Dkt. 132) to the Sixth Circuit (Dkt. 133).

After the Sixth Circuit denied Plaintiff's appeal for lack of jurisdiction (Dkt. 146), Plaintiff filed the instant motion for relief, styling it under Federal Rule of Civil Procedure 60. In his motion, Plaintiff requests that the Court "restart the 14 day clock, allowing him an opportunity to object to the Magistrate's opinion and order." Pl.'s Mot. for Relief at 4 (Dkt. 145). Plaintiff states that the prison library he was using was closed and that he was "not afforded the opportunity to research the proper rules and laws governing orders issued by magistrates, objections to magistrates orders and appeals from a magistrates order. More so, procedure in civil litigation." Id. at 1. Plaintiff explains he "erroneously took an appeal from the Magistrate's order because he was unable to research the rules and laws governing magistrates and their orders." Id. Plaintiff argues that Magistrate Judge Randon failed to address his allegations that Defendants conspired to deprive him of his property without due process. Id. at 2. Plaintiff also filed a supplemental memorandum in support of his motion for relief. Pl.'s Supp. Mot. 1-2 (Dkt. 153). This memorandum reiterates that Plaintiff did not have access to the law library and seeks relief under Federal Rules of Civil Procedure 46 and 60(b)(6). Id.

Several defendants filed responses opposing Plaintiff's motion for relief (Dkts. 155 and 156).[1] Construing Plaintiff's motion as objections to the Magistrate's order, Defendants argue that Plaintiff's motion does not comply with Federal Rule of Civil Procedure 72 because the motion is untimely, fails to specify what part of the order he objects to, and fails to identify how the Magistrate Judge's order was clearly erroneous or contrary to law. Defs.' Resp. at 3-4 (Dkt. 155); Defs.' Resp. at 5-6, 10-12 (Dkt. 156). Defendants point out that Plaintiff "should not be permitted to hide behind his pro se status" because he has correctly filed objections to a different Magistrate Judge's order in this case. Defs.' Resp. at 3 (Dkt. 155) (citing Plaintiff's objections (Dkt. 91) to Magistrate Judge Randon's R&R recommending dismissal of his complaint (Dkt. 89)). Furthermore, Defendants argue that Plaintiff's motion does not meet the standards of Federal Rule of Civil Procedure 60(b)(1) or (b)(6). Defs.' Resp. at 7 (Dkt. 156). Under Rule 60(b)(1), Defendants assert that Plaintiff has not shown any mistake, inadvertence, surprise, or excusable neglect. Id. Similarly, under Rule 60(b)(6), Defendants state that the "exceptional or extraordinary circumstances" do not exist for granting relief. Id. at 9-10.

Turning to Plaintiff's motion for relief and supplemental memorandum, and construing them as objections to the Magistrate Judge's order, the Court overrules them. Plaintiff's objections criticize the motion for leave to amend the complaint, which is a nondispositive matter. See E.D. Mich. LR 7.1(e)(2)(A) ("Nondispositive motions are motions not listed in LR 7.1(e)(1)(A)."); Turner v. Farmer Jack, No. 05-40292, 2006 WL 1235759, at *1 (E.D. Mich. May 8, 2006) ("A motion for leave to amend complaint and a motion to remand are nondispositive motions."). The Court may modify or set aside an order on a nondispositive matter issued by magistrate judge if it is clearly erroneous or contrary to law. Fed. R. Civ. P.

---

[1] Defendants Bernard, Bouchard, Cole filed a response (Dkt. 155). Defendants Maier and Mercedes-Benz Financial also filed a response (Dkt. 156). The other defendants concurred with these responses (Dkts. 157, 158, 159, 160, 162, 163, 165).

3

72(a). Objections must be filed within fourteen days of being served with a copy of the magistrate judge's order. Id. Failure to file timely objections constitutes waiver of any further right of appeal. Venture Funding, Ltd. v. United States, 190 F.R.D. 209, 212 (E.D. Mich. 1999) (citing Thomas v. Arn, 474 U.S. 140 (1985)). A party seeking to file a document after the requisite time period has passed may request to do so upon motion only. Fed. R. Civ. P. 6(b)(1)(B). When evaluating such a motion, the Court must determine if the party's failure to file before the deadline was due to "excusable neglect." Id. For purposes of Rule 6(b), "excusable neglect" is determined by balancing the following five factors:

> (1) danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006).

In determining excusable neglect, the Court determines that the factors weigh in favor of Defendants. Prejudice to the nonmovants, here the Defendants, and the length of delay are minimal because Defendants have already filed responses to Plaintiff's motion. As for the reason for the delay, whether the delay was within control of Plaintiff, and whether Plaintiff acted in good faith, the Court determines that these weigh in favor of a finding of inexcusable neglect. Despite Plaintiff's pro se status, Plaintiff should have learned from his previous experience in this case that if he disagrees with a magistrate judge's order, he must file objections to it, rather than an appeal to the Sixth Circuit. Plaintiff was first put on notice after he appealed to the Sixth Circuit (Dkt. 15) an order by Magistrate Judge Randon denying Plaintiff's motion for the appointment of counsel (Dkt. 14). The Sixth Circuit denied his appeal (Dkt. 19). In the order denying the appeal, issued April 22, 2011, the Sixth Circuit explained that:

> Unless the magistrate judge is given plenary jurisdiction pursuant to 28 U.S.C. § 636(c)(1), any review of a magistrate judge's ruling lies with the district court judge. Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984). The parties did not give the magistrate judge plenary jurisdiction in this case.

The Sixth Circuit explained to Plaintiff that the district court judge would review a magistrate judge's ruling. Then, as noted by Defendants, later in the case, on September 21, 2011, Plaintiff correctly filed objections to Magistrate Judge Randon's R&R (Dkt. 91).[2] Plaintiff's explanation that he did not understand "appeals from a magistrate's order" is demonstrably false and the Court remains at a loss as to Plaintiff's second appeal to the Sixth Circuit.

Additionally, Plaintiff's claimed reason for the erroneous appeal and resulting delay – lack of access to the prison library which prevented him from researching "the rules and law governing magistrates and their orders" – has not been made in good faith because it is inconsistent with Plaintiff's other filings in the instant case and two other cases between September 13, 2012 to September 27, 2012, the time period to object to Magistrate Judge Randon's order granting in part and denying in part Plaintiff's motion to amend. Defs.' Resp. at 4-5 (Dkt. 156). During the objection period, Plaintiff filed in the instant case the notice of appeal (Dkt. 133), a motion to stay the proceedings pursuant to Federal Rule of Civil Procedure 8 (Dkt. 135), and a reply to the motion to stay citing Federal Rules of Civil Procedure 54 and 58 (Dkt. 138). On September 17, 2012, in United States v. Childress, Case No. 00-80466, Plaintiff filed a

---

[2] In Plaintiff's previous litigation, Plaintiff has objected to a magistrate's order pursuant to Federal Rule of Civil Procedure 72. For example, in Childress v. Wood, No. 10-14711 (E.D. Mich.), Magistrate Judge Charles Binder issued a report and recommendation on January 11, 2011, to sua sponte dismiss Plaintiff's complaint for failure to state a claim for which relief could be granted (Dkt. 7). Plaintiff did not file a timely objection, but did file objection on May 9, 2011, wherein he informed the Clerk to "find enclosed an original copy of the objection required pursuant to Rule 72(b)(2) of Fed. R. Civ. P." (Dkt. 13), demonstrating that he had researched, at least once, the proper method to seek review of a magistrate's order. The district court overruled Plaintiff's objections and accepted and adopted the R&R (Dkt. 14). Plaintiff appealed the order to the Sixth Circuit (Dkt. 15), which dismissed the appeal for want of prosecution (Dkt. 17).

motion for recusal (Dkt. 90) and a motion to vacate (Dkt. 91). Plaintiff also filed two documents on September 20, 2012 in Childress v. Booker, No. 12-14284: a petition for writ of habeas corpus (Dkt. 1) and an application for in forma pauperis (Dkt. 2). Although Plaintiff's other filings did not address making objections to orders of magistrate judges, Plaintiff's continuous litigation demonstrates a familiarity with pleadings, case law, and the Federal Rules.[3] Consequently, the Court finds Plaintiff's failure to file timely objections did not arise from excusable neglect.

---

[3] Plaintiff has a penchant for filing lawsuits. In addition to this case, Plaintiff has filed the following 23 civil actions in this district, listed in order by date of filing: Childress v. Booker, No. 09-14677 (filed 12/1/2009, terminated 12/10/2009) (summary dismissal of habeas petition without prejudice); Childress v. Booker, No. 09-14910 (filed 12/18/2010, terminated 12/30/2010) (same); Childress v. Booker, No. 09-14995 (filed 12/23/2009, terminated 5/7/2010) (summary dismissal of habeas petition with prejudice due to lack of subject-matter jurisdiction); Childress v. Booker, No. 09-15004 (filed 12/24/2010, terminated 4/28/2010) (same); Childress v. Booker, No. 10-10779 (filed 2/25/2010, terminated 4/14/2010) (summary dismissal of habeas petition for failure to exhaust available state court remedies); Childress v. Booker, No. 10-11432 (filed 4/12/2010, terminated 11/30/2010) (same); Childress v. Booker, No. 10-11554 (filed 4/16/2010, terminated 5/17/2010) (summary dismissal of habeas petition without prejudice because no entitlement to habeas relief); Childress v. Booker, No. 10-11878 (filed 5/10/2010, terminated 5/19/2010) (summary dismissal of habeas petition without prejudice for failure to exhaust available state court remedies); Childress v. Booker, No. 10-11998 (filed 5/18/2010, terminated 5/27/2010) (habeas petition dismissed as duplicative of 09-15004); Childress v. Booker, No. 10-11999 (filed 5/18/2010; terminated 5/25/2010) (summary dismissal of habeas petition with prejudice due to lack of subject-matter jurisdiction); Childress v. Hood, No. 10-14569 (filed 11/17/2010, terminated 12/13/2010) (mandamus action dismissed with prejudice); Childress v. Hertz Corp., et al., No. 10-14587 (filed 11/18/2010, terminated 3/9/2011) (sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A for failure to state a claim upon which relief may be granted); Childress v. Bureau of Prisons, et al., No. 10-14708 (filed 11/24/2010, terminated 12/10/2010) (same); Childress v. Woods, et al., No. 10-14711 (filed 11/24/2010, terminated 6/29/2011) (same); Childress v. Caruso, et al., No. 10-14725 (filed 11/29/2010, terminated 12/10/2010) (same); Childress v. Cole, et al., No. 10-14821 (filed 12/6/2010, terminated 1/19/2011) (same); Childress v. Romanowski, No. 11-10621 (filed 2/16/2011, terminated 3/21/2011) (habeas petition dismissed for not being properly filed under § 2241 for failure to demonstrate actual innocence); Childress v. Romanowski, No. 11-11480 (filed 4/8/2011, terminated 5/6/2011) (same); Childress v. Quissenberry, et al., No. 11-12096 (filed 5/11/2011, terminated 10/31/2011) (screening complaint under "three strikes" provision of 42 U.S.C. § 1915(g)); Childress v. Ray, et al., No. 11-12944 (filed 7/7/2011, terminated 8/15/2011) (same); Childress v. Booker, No 12-13622 (filed 8/15/2012); Childress v. Booker, No. 12-14284 (filed 9/26/2012); Childress v. Booker, No. 12-14511 (filed 10/12/2012).

Furthermore, even if Plaintiff's objections were timely, they do not demonstrate that Magistrate Judge Randon's order was flawed under the "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Heights Comm. Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). Legal conclusions are reviewed under the "contrary to law" standard. Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W. D. Mich. 1995). Therefore, the Court must exercise independent judgment with respect to the magistrate judge's conclusions of law. Id. (citing Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)).

Examining Plaintiff's objections under the foregoing standard of review, the Court does not find Magistrate Judge Randon's order to be clearly erroneous or contrary to law. Plaintiff does not specify which part of the order he objects do, as required by Rule 72(a), instead arguing that the Magistrate Judge failed to consider the existence of the alleged conspiracy and deprivation of his property without due process. See Pl.'s Mot. at 2 (Dkt. 145). To the extent Plaintiff objects to the order in its entirety, the order is not clearly erroneous or contrary to law; Plaintiff's proposed amended complaint failed to allege specific facts that any Defendants took in the alleged conspiracy to all Defendants except Defendant Michalke. Therefore, the Court overrules Plaintiff's objections and denies his motion for relief (Dkt. 145).

SO ORDERED.

Dated: November 29, 2012  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
  United States District Judge

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2012.

s/Amanda Chubb for Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
