UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS,

    Plaintiff,

Civil Case No. 10-11008

v.

HON. MARK A. GOLDSMITH

MICHAEL MICHALKE,

    Defendant.

_____/

**ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION DATED JULY 19, 2013 (DKT. 201), (2) GRANTING DEFENDANT MICHALKE'S MOTION FOR SUMMARY JUDGMENT (DKT. 182), (3) GRANTING DEFENDANT MICHALKE'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDMENT CLAIMS (DKT. 143), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 185), (5) DENYING THE MILNE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (DKT. 183), (6) AND DISMISSING PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS WITH PREJUDICE**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Mark A. Randon, issued on July 19, 2013. In the R&R, the Magistrate Judge recommends the following: (i) granting Defendant Michalke's motion for summary judgment (Dkt. 182), (ii) granting Defendant Michalke's motion to dismiss (Dkt. 143), (iii) denying Plaintiff's motion for summary judgment (Dkt. 185), and (iv) denying the Milne Defendant's motion for summary judgment (Dkt. 183). In the R&R, the Magistrate Judge also addressed the following nondispositive motions of Plaintiff, by denying the motion to appoint counsel (Dkt. 149), granting the motion to file excess pages (Dkt. 190), and denying the motion to strike Defendant Michalke's reply brief (Dkt. 195).

The parties have not filed objections to the R&R, and the time to do so has expired.[1] See Fed. R. Civ. P. 72(b)(2).

The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error

---

[1] The Court is aware that, after the R&R was issued and mailed to Plaintiff on July 19, 2013 at his address of record, the R&R was returned to the Court as undeliverable. 7/30/2013 Notice (Dkt. 202). Local Rule 11.2 requires unrepresented parties, such as Plaintiff, to notify the Court of any change of address. Plaintiff is well-aware of this requirement. The Court issued a "Notice Regarding Parties' Responsibility to Notify Court of Change of Address" to the parties at the beginning of the case. 8/5/2010 Notice (Dkt. 8). Plaintiff complied with this requirement six times. See 2/17/2011 Pl.'s Change of Address (Dkt. 13), 10/17/2011 Pl.'s Change of Address (Dkt. 97), 10/18/2012 Pl.'s Change of Address (Dkt. 141), 12/10/2012 Pl.'s Change of Address (Dkt. 179), 4/2/2013 Pl.'s Change of Address (Dkt. 194), and 4/22/2013 Pl.'s Change of Address (Dkt. 196). After docketing the notice that the R&R was undeliverable, Defendant Michalke's counsel called the Magistrate Judge's chambers, informing the chambers that he believed that he had Plaintiff's current address. Although the Court had no obligation to forward the R&R to an address which may or may not be Plaintiff's address, the Court, nevertheless, mailed a copy of the R&R to Plaintiff at the address furnished by defense counsel. As of this date, Plaintiff has not filed anything on the docket.

and adopts the recommendation.

Accordingly, (i) Defendant Michalke's motion for summary judgment is granted (Dkt. 182), (ii) Defendant Michalke's motion to dismiss (Dkt. 143) is granted, (iii) Plaintiff's motion for summary judgment (Dkt. 185) is denied, and (iv) the Milne Defendant's motion for summary judgment is denied (Dkt. 183).  As the Magistrate Judge ruled on the above-referenced nondispositive motions of Plaintiff (Dkts. 149, 190, 195) in the R&R, the Court incorporates those rulings in adopting the recommendation contained in the R&R.

SO ORDERED.

Dated:  August 9, 2013                                  s/Mark A. Goldsmith
      Flint, Michigan                                  MARK A. GOLDSMITH
                                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2013.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager