UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS,

      Plaintiff,

                                        Civil Case No. 10-11008

v.

                                        HON. MARK A. GOLDSMITH

MICHAEL MICHALKE,

      Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S "MOTION FOR ENLARGMENTOF TIME" (Dkt. 210) and DENYING PLAINTIFF'S "MOTION TO EXCEED PAGE LIMITATION" (Dkt. 211)**

This matter is presently before the Court on Plaintiff's "Motion for Enlargement of Time" (Dkt. 210) and "Motion to Exceed Page Limitation" (Dkt. 211).  Plaintiff requests an additional 30 days to respond to the Report and Recommendation (R&R) of Magistrate Judge Mark A. Randon.  See R&R (Dkt. 201).  Plaintiff's justification for this request is that he "is currently proceeding in propria persona and is limited on [sic] the amount of time in the law library."  Plaintiff also states that due to the nature of his case the 20-page limit set by the R&R is insufficient and he requests a "page extension, not exceeding 100 pages."  Pl.'s Mot. (Dkt. 211).

Certainly, "a district court may, in its discretion, enlarge the time for filing objections."  Riley v. Richards, 210 F.3d 372, at *1 (Table) (6th Cir. Mar. 23, 2000).  The Court also enjoys discretion in enforcing page limits.  See, e.g. S.S. v. E. Ky. Univ., 532 F.3d 445, 451-452 (6th Cir. 2008) (affirming district court's page limitations under abuse of discretion standard).

Here, the Court declines to grant Plaintiff the extensions he seeks.  The Court has already found that Plaintiff is quite familiar with the law and that Plaintiff has made

representations regarding his litigation practices in bad faith once.  See 11/29/2012 Order at

5-6 (noting Plaintiff's dissembling with respect to the reason he filed a notice of appeal,

instead of objections to an R&R, and finding that Plaintiff's "continuous litigation

demonstrates a familiarity with pleadings, case law, and the Federal Rules").  Plaintiff was

also able to lodge timely objections to a previous R&R in this case while incarcerated without

the need for an extension of time.  See Pl.'s Objs. (Dkt. 91).  Further, this is the second time

Plaintiff has requested an extension to file objections.  See Pl.'s Request for Relief (Dkt. 207)

(requesting 30 days in total to respond to R&R and appointment of counsel).  The Court

denied Plaintiff's first request and instead provided him with 14 days, as set forth in Federal

Rule of Civil Procedure 72(b)(2).  Without further explanation warranting any kind of

extension from Plaintiff in the instant case, the Court would be justified in denying Plaintiff's

motion.  However, in the interests of justice, the Court shall grant in part Plaintiff's request

by providing him an additional 14 days.

        With regard to Plaintiff's motion to exceed the 20-page limit, the Court denies the

motion.  Although Plaintiff claims that his case is complex and involves several issues, the

Court rejects this argument.  The case involves a single defendant and does not present

complex, numerous, or novel legal issues.  Extensive briefing is also not warranted because

the facts have been developed in the briefing before the Magistrate Judge.

        Accordingly, Plaintiff must file objections by December 4, 2013 within the 20-page

limit set by the R&R.

        SO ORDERED.


Dated:  November 18, 2013                        s/Mark A. Goldsmith
        Flint, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge


2

3

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
