UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHILDRESS, #25851-039,

       Plaintiff,

v.

MICHAEL MICHALKE,

       Defendant.
_____/

Case No. 10-CV-11008

HON. MARK A. GOLDSMITH

**OPINION AND ORDER DENYING PLAINITFF'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT (Dkt. 216), AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY AND LEAVE TO FILE EXCESS PAGES (Dkt. 220) AS MOOT**

## I. INTRODUCTION

This matter is presently before the Court on Plaintiff's Rule 60(b) motion for relief from judgment (Dkt. 216). For the reasons set forth below, the Court denies the motion.

## II. BACKGROUND

The factual background of this case was adequately set forth in both the Report & Recommendation ("R&R") of former Magistrate Judge Mark A. Randon, issued on July 19, 2013 (Dkt. 201), and the Court's opinion and order accepting the R&R. See 8/4/14 Opinion and Order (Dkt. 214). The Court will not repeat the full factual and procedural background set forth in those opinions.

Plaintiff filed his original complaint on March 12, 2010 (Dkt. 1). On September 1, 2011, the Magistrate Judge issued a R&R that recommended the sua sponte dismissal of the complaint for failure to state a claim for which relief could be granted (Dkt. 89). In an order accepting in part and rejecting in part the R&R, the Court dismissed the complaint for failure to state a claim,

1

but allowed Plaintiff until March 26, 2012 to file and serve a proper motion for leave to amend the complaint. See 3/9/12 Order (Dkt. 98).

On March 29, 2012, Plaintiff moved to amend his complaint (Dkt. 99). Plaintiff included the proposed amended complaint with the motion. See Pl. Mot. at 6-34 (cm/ecf pages) (Dkt. 99). The Magistrate Judge then granted the motion in part, allowing Plaintiff to amend the complaint as to Defendant Michael Michalke only, as well as requiring Defendant Michalke to file a response to the amended complaint within 21 days. See 9/13/12 Opinion and Order at 13 (Dkt. 131).

Plaintiff appealed the Magistrate Judge's rulings on his motion to amend, as well as a separate order denying the appointment of counsel (Dkt. 132), to the Sixth Circuit (Dkt. 133). After the Sixth Circuit denied Plaintiff's appeal for lack of jurisdiction (Dkt. 146), Plaintiff filed a motion for relief (Dkt. 145). In construing Plaintiff's motion for relief and supplemental memorandum as objections to the Magistrate Judge's order, the Court overruled the objections. See 11/29/12 Opinion and Order (Dkt. 170).

On October 4, 2012, Defendant filed an answer to the amended complaint (Dkt. 139). In both the heading and first paragraph of the answer, Defendant indicated that it was responding to Plaintiff's proposed amended complaint. See Def. Answer at 1 (cm/ecf page) (Dkt. 139). Thereafter, Defendant filed a motion for summary judgment (Dkt. 182). Again, Defendant made clear on the first page of the motion that it was seeking summary judgment of the claims set forth in Plaintiff's amended complaint. See Def. Mot. at 1 (cm/ecf page) (Dkt. 182).

The amended complaint was eventually filed on June 11, 2013 (Dkt. 199). The Court notes that a text-only certificate of service was entered on the same day showing that copies the amended complaint and an updated copy of the docket sheet were sent to Plaintiff.

On July 19, 2013, the Magistrate Judge issued a R&R, which recommended granting Defendant's motion for summary judgment (Dkts. 200, 201). In describing Plaintiff's allegations against Defendant, the Magistrate Judge referred to the amended complaint. See R&R at 3 (Dkt. 201) (citing Dkt. 199 at 13). Plaintiff filed objections to the R&R (Dkt. 213).

On August 8, 2014, the Court issued an opinion and order accepting the recommendation contained in the Magistrate Judge's R&R (Dkt. 214). The Court also entered judgment dismissing the case (Dkt. 215).

Now, on August 25, 2014, Plaintiff filed a motion for relief from that judgment, to which Defendant filed a response (Dkt. 218). Plaintiff has also filed a motion for leave to file a reply and memorandum in support of his motion and for leave to file excess pages for that reply (Dkt. 220).

### III.  STANDARD OF REVIEW

Under the catch-all provision of Federal Rule of Civil Procedure 60(b)(6), the Court may "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief" not mentioned in the first five subsections. A party seeking relief pursuant to Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007) (holding that "relief may be granted under Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" (quotation marks omitted)).

Courts must apply this subsection as a "means to achieve substantial justice," which requires "unusual and extreme situations where principles of equity *mandate* relief." Stokes, 475 F.3d at 735 (citation omitted) (emphasis in original). There are few cases examining such

situations, given that the rule's first five subsections "cover almost every conceivable ground for relief." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (quotation marks omitted). The Sixth Circuit has repeatedly recognized that relief from judgment "under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." Id. (quotation marks omitted). Thus, under Rule 60(b), the party seeking relief must show the applicability of the rule. Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

## IV. ANALYSIS

Plaintiff contends that he is entitled to relief from judgment, under Rule 60(b)(6), because the amended complaint in this case was filed "under false pretenses by an unknown party," which constituted "fraud upon the Court." Pl. Mot. at 3; Childress Aff., Ex A to Pl. Mot. at 7 (cm/ecf page). According to Plaintiff, he did not "authorize, consent, instruct, direct or have knowledge of the proposed amended complaint" that was filed in this case. Pl. Mot. at 3. Because the amended complaint was a "misrepresentation of his indepth (sic) complaint against [D]efendant," Plaintiff argues that "he was deprived the right to file an amended complaint" that would have properly informed the Court of his "cause of action and injuries suffered." Id. at 3-4. Lastly, Plaintiff contends that "he has been prejudiced" under these circumstances because a "miscarriage of justice" occurred when both the Magistrate Judge and the Court "reviewed [the] unauthorized pleading," and the Court ultimately dismissed the case. Id. at 4.

The Court is not persuaded that Plaintiff was unaware of the amended complaint until after the Court dismissed the case. Given the factual and procedural background of this case, for Plaintiff's position to be tenable, the following would have to be true: (i) someone other than Plaintiff filed and signed his motion to file an amended complaint and proposed amended

4

complaint; (ii) Plaintiff was unaware of the Magistrate Judge's opinion and order granting the motion to amend in part; (iii) someone other than Plaintiff appealed that opinion and order to the Sixth Circuit; (iv) someone other than Plaintiff sought relief from that opinion and order in this Court after the appeal was denied; (v) Plaintiff was unaware that Defendant filed an answer, which clearly indicated that he was responding to the amended complaint; (vi) Plaintiff was unaware of Defendant's motion for summary judgment, which again mentioned that the amended complaint on the first page; (vii) Plaintiff did not receive a copy of the amended complaint or the updated docket sheet; and (viii) Plaintiff was unaware that the Magistrate Judge issued the R&R, which cited the amended complaint.

Upon review of the record, the Court finds that Plaintiff had knowledge of the amended complaint for over two years before the case was dismissed. Regarding the motion to amend and the proposed amended complaint themselves, the Court notes that Plaintiff's signature appears on multiple pages of these documents. See Pl. Mot. at 1, 4-5, 34-35 (cm/ecf pages) (Dkt. 99). Plaintiff also acknowledged the amended complaint on numerous occasions in his subsequent pleadings. For instance, in his November 2012 response to Defendant's motion to dismiss Plaintiff's Fifth Amendment violations claims (Dkt. 143), Plaintiff stated that he "filed a timely motion to amend and proposed amended complaint on March 26 (sic), 2012." Pl. Resp. at 1 (cm/ecf page) (Dkt. 171). And in his objection to Defendant's motion for leave to exceed the dispositive motion page limit (Dkt. 180), Plaintiff acknowledged that he "moved to amend his complaint" in March 2012, and that the motion was granted in part, which "allowed Plaintiff to amend his complaint as to [Defendant] Michalke only." Pl. Obj. at 1-2 (cm/ecf pages) (Dkt. 188).

Furthermore, Plaintiff twice sought relief from the Magistrate Judge's order granting in part and denying in part his motion to amend his complaint (Dkts. 133, 145). However, Plaintiff never argued that either the motion or the proposed amended complaint was filed by an unknown party. And although objections were filed to the R&R recommending that the Court grant Defendant's motion for summary judgment, see Pl. Objs. (Dkt. 213), Plaintiff did not object to the Magistrate Judge's use of the amended complaint in the R&R.

Given Plaintiff's conduct in this case, as well as his own admissions, the Court finds that Plaintiff had knowledge of the amended complaint. Therefore, the Court concludes that Plaintiff has failed to demonstrate an "extraordinary" circumstance that justifies the reopening of the Court's final judgment, see Gonzalez, 545 U.S. at 535, or that the situation is "unusual and extreme" such that the "principles of equity mandate relief." Stokes, 475 F.3d at 735 (emphasis in original).

Accordingly, the Court denies Plaintiff's motion for relief from judgment.

## V. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Rule 60(b) motion for relief from judgment (Dkt. 216).[1] The Court also denies Plaintiff's motion for leave to file a reply and leave to file excess pages (Dkt. 220) as moot.

SO ORDERED.

Dated: October 30, 2014  
Detroit, Michigan

s\Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

---

[1] Although Defendant requests fees, he provides no substantiation or authority for this request. The Court denies the request without prejudice. See Knight v. Wells Fargo, No. 12-12129, 2014 WL 4829577, at *9 n.17 (E.D. Mich. Sept. 29, 2014).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2014.

s/Johnetta M. Curry-Williams  
CASE MANAGER
